**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
DEC 12 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
JAN 1 2 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>LADALE WREN,<br><br>Defendant - Appellant. | No. 05-30524<br><br>D.C. No. CR-04-00079-1-RRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted December 4, 2006**

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

Ladale Wren appeals from the 110-month sentence imposed following his guilty-plea conviction for attempt to possess with intent to distribute cocaine, drug trafficking conspiracy, and conspiracy to commit witness tampering, in violation

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 1512(k) and (j), and 21 U.S.C. §§ 841(b)(1)(B), 841(b)(1)(C) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Wren contends that the district court erred in applying an enhancement for being an organizer or leader under U.S.S.G. § 3B1.1(c), in that his conduct did not fall outside the typical conduct of a typical participant in a drug conspiracy. However, because the record reflects that Wren organized and recruited other participants to transport cocaine, we conclude that the district court's application of the adjustment under U.S.S.G. § 3B1.1(c) was not clearly erroneous. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000) ("A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement.").

Wren further contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), in that his sentence failed to account for his psychological problems and his personal history, and was greater than necessary to achieve the goals of the sentencing statute. However, because the record reflects that the district court properly weighed and considered the factors set forth in 18 U.S.C. § 3553(a), we conclude that Wren's sentence was reasonable. *See United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir.) (affirming where the district court "gave thoughtful attention to factors recognized in § 3553(a) and

exercised sound discretion") *cert. denied sub nom. Acosta-Franco v. United States*, 127 S. Ct. 309 (2006); *United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.), *cert. denied*, 126 S. Ct. 2314 (2006).

**AFFIRMED.**